UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VIOLET DOCK PORT INC., LLC**                                    **CIVIL ACTION**

**VERSUS**                                                        **NO. 19-11586**

**DREW M. HEAPHY, IN HIS CAPACITY**                               **SECTION "B"(3)**
**AS EXECUTIVE DIRECTOR OF ST. BERNARD**
**PORT, HARBOR & TERMINAL, AND**
**ST. BERNARD PORT, HARBOR, & TERMINAL**

## ORDER AND REASONS

Defendants St. Bernard Port, Harbor & Terminal District ("St. Bernard Port") and Drew M. Heaphy, in his capacity as executive director of St. Bernard Port, filed a motion to dismiss for failure to state a claim pursuant to FRCP 12(b)(6). Rec. Doc. 8. Violet Dock Port, Inc. ("Violet Dock") filed a response in opposition. Rec. Doc. 9. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 13. For the reasons discussed below,

**IT IS ORDERED** that the motion is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of St. Bernard Port's taking of Violet Dock's property. Defendant St. Bernard Port is a public corporation and political subdivision of the State of Louisiana and Drew Heaphy is its executive director. In December 2010, St. Bernard Port filed a state court petition for expropriation of Violet Dock's property along the Mississippi River in Violet, Louisiana, and deposited

1

$16 million as estimated just compensation in the court's registry. Rec. Doc. 1 at 2; 1-1 at 4.

Violet Dock had constructed on the subject property a fully operational, private port facility with five steel and concrete docks, three of which were certified for providing services to Navy Military Sealift Command ships. Rec. Doc. 1-1 at 7. Violet Dock argued the $16 million amount deposited by St. Bernard Port was insufficient and sought additional just compensation. Id. at 3. The state trial court sided with St. Bernard Port and awarded just compensation in the amount provided by St. Bernard Port, and the Louisiana Fourth Circuit Court of Appeal affirmed. Id. at 4.

The Louisiana Supreme Court subsequently reversed the just compensation award and remanded the matter to the Louisiana Fourth Circuit for a *de novo* determination of just compensation. Id. On remand on September 12, 2018, the Louisiana Fourth Circuit increased the trial court's award of just compensation to $28,764,685.00 together with interest and attorneys' fees and remanded to the trial court for further proceedings. Id. On April 12, 2019 the trial court entered a Consent Judgment awarding plaintiff an additional sum of $3,342,626.90 for attorneys' fees and costs, plus judicial interest from the date of the entry of the judgment until paid. Id. at 5.

On July 9, 2019 plaintiff filed the instant federal action under 42 U.S.C. § 1983 alleging violation of its Fifth Amendment

right to be paid just compensation for the taking of its property pursuant to the state courts' final judgments. Rec. Doc. 1 at 7. Plaintiff seeks $21,609,508.33, which represents the amount due under the state courts' judgments after subtracting the $16 million already paid by defendant, plus interest at a daily rate of $2,298.06. Id. at 5.

**LAW, ANALYSIS, AND FINDINGS**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzalez*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, the court is not bound to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When deciding whether a

3

plaintiff has met her burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A. § 1983 Claims

"Section 1983 provides a cause of action when a person has been deprived of federal rights under color of state law". *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). "To state a § 1983 cause of action, a plaintiff must allege a violation of rights secured by the Constitution or by federal laws." *D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010).

Plaintiff's § 1983 claim alleges a violation of its Fifth Amendment right to just compensation for the taking of its property. Rec. Doc. 1 at 7. There appears to be a contradiction between what was alleged in the complaint and what plaintiff claims in its opposition to defendant's motion. Plaintiff's complaint identifies the taking of its "seventy-five (75) acres of land and improvements, including five deep-water docks" without just compensation as the subject of its takings claim. Rec. Doc. 1 at 2. Yet, in its opposition, plaintiff indicates that the core issue

4

in the federal claim is only its entitlement to the state court's judgment. In an attempt to avoid preclusion, plaintiff clarifies that it is "not attempting to relitigate just compensation" and recognizes the state court's "just compensation award [a]s final and definitive." Rec. Doc. 9 at 20.

Plaintiff has failed to state a claim under § 1983. Plaintiff's complaint and opposition demonstrate that it is not seeking to bring a claim for the unlawful taking of the property expropriated by St. Bernard Port, because final judgment has already been rendered on that issue in state court. Rather plaintiff only wishes to pursue its entitlement to the state court's compensation award and is attempting to use § 1983 as the vehicle for such relief. However, "the property right created by a judgment against a government entity is not a right to payment at a particular time, but merely the recognition of a continuing debt of that government entity." *Guilbeau v. Par. of St. Landry*, 2008 WL 4948836, at *10 (W.D. La. Nov. 19, 2008), aff'd, 341 F. App'x 974 (5th Cir. 2009) (citing *Minton v. St. Bernard Par. Sch. Bd.*, 803 F.2d 129, 132 (5th Cir. 1986)); *Davis v. Cantrell*, 2018 WL 6169255, at *5 (E.D. La. Nov. 26, 2018)). Thus, defendant's delay in paying the remaining amount of the state court's judgment has not given rise to a Fifth Amendment violation. Additionally, plaintiff's attempt to distinguish *Minton* and subsequent cases on the grounds that the judgments in those cases did not involve

5

takings of private property is unavailing, because plaintiff makes clear in its opposition that it is not seeking to relitigate the underlying takings claim or the amount of just compensation owed.

The Court further notes that the Supreme Court's recent opinion in *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2177, (2019) does not alter this ruling. *Knick* overruled the state-exhaustion requirement of *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172 (1985) to permit landowners to bring a Fifth Amendment claim under § 1983 as soon as a local government takes property without compensation. "[B]ecause the violation is complete at the time of the taking," the Court held that "pursuit of a remedy in federal court need not await any subsequent state action." *Knick* at 2177. Plaintiff contends that it should not be penalized for exhausting state court remedies while *Williamson* was still the law of the land. Rec. Doc. 9 at 10. The Court recognizes that if *Knicks* had been issued before the expropriation of plaintiff's property, plaintiff could have proceeded directly to federal court. Nevertheless, *Knick* does not convert § 1983 into a tool for collecting payment due on state court judgments that issued prior to initiation of the federal action.

Plaintiff concedes that its claims against Heaphy are based only upon his official capacity as executive director of the St. Bernard Port. The official capacity claims against Heaphy are

duplicative of claims against the St. Bernard Port. As such, the claims against Heaphy are also dismissed. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Winn v. New Orleans City*, 2014 WL 790870 (E.D. La. Feb. 26, 2014).

Finally, had instant § 1983 claims proceeded, the punitive damage claims against the St. Bernard Port and Heaphy in his official capacity would not survive beyond summary dismissal. See *Davis v. W. Cmty. Hosp.*, 755 F.2d 455, 459,467 (5th Cir. 1985); *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985).

The Court also finds that granting leave to amend would be futile in this case, because additional facts would not remedy the legal insufficiency of plaintiff's claims.

New Orleans, Louisiana this 23rd day of November 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE